Clerk of Court: Please file-stamp & Return 1 of 2 copies provided in self-addressed, postage-paid envelope

Sent 6/28/2017 via FedEx Overnight Delivery #: ____7795 1045 5108____

Winston E. Arnow Federal Building
100 N. Palafox St.
Pensacola, FL 32502

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## (PENSACOLA DIVISION)

Tamah Jada Clark, Petitioner
v.
State of Florida, Respondent          ]          Civil Action No. 3:17 CV 438 -MCR/EMT
                                      ]
                                      ]
                                      ]

Tuesday, June 27, 2017

# 28 U.S.C.§ 1455; NOTICE OF REMOVAL

## (§1443 CIVIL RIGHTS CASES)

### I.  CAUSE OF ACTION

As a defendant[1] in a State criminal prosecution, Petitioner—a black female and a member of a protected group under §1443—moves this Court for removal, to enforce federal rights under the Civil Rights Act of 1991 (42 U.S.C. §1981)[2].

### II.  GROUNDS FOR REMOVAL

The Civil Rights Act of 1991 (42 U.S.C. §1981) reads, in pertinent part:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

---

[1] The "privilege of removal extends only to defendants, and not to plaintiffs." *McCane v. McCane,* 47 F. Supp. 2d 848, 851 (E.D.Mich. 1999) (citing 28 U.S.C. §§ 1441(a), 1446).

[2] In order to remove an action under 28 U.S.C. § 1443, the movant must show that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, [384 U.S. 780, 792 (1966)]. *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975).

1

Following a 2016 arrest and detainment, pretrial release in behalf of Petitioner was administered by James Scott Duncan, Judge of the Escambia County Circuit Court. As a non-monetary condition of bond, Judge Duncan stipulated that *"any documents presented by Clark or on Clark's behalf, first be presented to a Circuit Judge for review and approval prior to being presented for filing"*, (and specified that failure to comply would result in revocation of the bond). (See Exhibit ____A____ attached).

However, there was no process in place of which Petitioner could avail to meet this stipulation, denying Petitioner's right to Due Process:

> "THIS CAUSE having come before the Court through the Office of the Clerk of Court regarding the Defendant's bond conditions; the Court having reviewed the file; and the Court being otherwise informed, offers the following: [...] Division E judge and the Clerk of Court in Escambia County are unsure and unclear as to how these conditions can be met".

**(Excerpt from** Exhibit _____B_____ attached)

According to Article I, Section 14, <u>State of Florida Constitution</u>, pretrial release is a right that would be afforded to other persons under reasonable conditions who have been charged with similar alleged crimes or violations.[3] <u>Florida Statutes</u> 907.041(1) of Florida's pre-trial release laws, in part, says that *"those persons not considered a danger to the community who meet certain criteria"* are entitled to pre-trial release [under reasonable conditions], which criteria Petitioner did meet, but was denied Equal Protection.

---

[3] "Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions." <u>Article I, Section 14, State of Florida Constitution</u>.

Petitioner has not been able to enforce her right to *"full and equal benefit of all laws and proceedings [...] subject to like punishment, pains, [and] penalties"* in State court.

In addition, on Thursday, June 22, 2017 during a criminal motions hearing, the Prosecutor (Assistant State Attorney, Thomas Williams) stated in open court that he had been having *ex parte* communications with the members of the Office of the presiding judge (James Scott Duncan) concerning the pending matters in that court, without any form of notice to Petitioner.[4] Petitioner fears that the State Court and judge are biased against Petitioner and her federal rights, that she cannot secure fair prosecution and trial in an impartial tribunal in State court, and that her federal rights will continue to be denied. (See Exhibit _____C_____ attached.)

### III.    PRAYER FOR RELIEF

Petitioner hereby prays for removal of Case No. ___1716CF003027___ & ___1716CF003022___ from Escambia County Circuit Court, that her federal rights under the Civil Rights Act of 1991 (42 U.S.C. §1981) be enforced. The Cases have not yet gone to trial (28 U.S.C. §1455(b)).

Enclosures: all process, pleadings, and orders served upon defendant in such actions. [28 U.S.C. §1455(a)]

Respectfully Submitted,

*(Signed pursuant Rule 11, Federal rules of Civil Procedure)*

---

[4] A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds. (28 U.S.C. §1455(b)(2)).

3

Mrs. Tamah Jada Clark
6901-A N. 9th Avenue, #429
Pensacola, Florida [32504]
Tclark@CommonLawOffice.com
Office No: 1(888)256-6692
Facsimile No: 1(888)288-6412

# Exhibit A

WARRANT/OTTIC SERVED          **ESCAMBIA COUNTY SHERIFF'S OFFICE**
REPORT NO: ▓▓▓▓▓▓▓▓▓▓    **SERVICE RETURN**

| Jail Booking No | Offense No | Other No | OBTS |
|---|---|---|---|
| | | | |

**[ SUSPECT ]**

| Last | First | Middle | | Title | Race | Sex | DOB | Age | Hgt | Wgt |
|---|---|---|---|---|---|---|---|---|---|---|
| CLARK | | | | | B | F | ▓▓▓▓ | | | |

| Eyes | Hair | MNI Number | SSN | I.D. No. | | St | Type | OCA/Agency ID |
|---|---|---|---|---|---|---|---|---|
| BRO | BRO | | | | | GA | ▓▓ | ▓▓▓▓▓ |

**Birth Location: City:  County:  State:  Nation:  Citizenship:**
**Address** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Occupations (Current/Last Known is Listed First)**
   Business: ▓▓▓▓▓▓▓, Job Title: , Entered: 2/29/2016

**Aliases (Last, First Middle Title DOB)**
   ▓▓▓▓▓▓▓▓
**Street Names**
   * none found in MNI *

**[ INCIDENT INFORMATION ]**
Occurred Date Range: 3/30/2016        to          | Lat / Long
No.      Di    Street            Apt/Lot  City     | ST    Zip    (GEO)
                                                   | FL           - - -

**[ CHARGES ]**
817.535.3a
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| Counts | Level | Degree | GOC | UCR | NCIC | AON | Bond Amount |
|---|---|---|---|---|---|---|---|
| 1 | ▓▓ | ▓▓ | Not Applicable | ▓▓ | | ▓▓ | $10,000.00 |

**[ STATEMENT OF PROBABLE CAUSE / NARRATIVE ]**

PER JUDGE DUNCAN_____CONDITION OF CLARK'S BOND___ANY DOCUMENTS PRESENTED BY CLARK OR ON CLARK'S BEHALF,
FIRST BE PRESENTED TO A CIRCUIT JUDGE FOR REVIEW AND APPROVAL PRIOR TO BEING PRESENTED
FOR FILING TO THE ESCAMBIA COUNTY CLERK OF COURT OR THE SANTA ROSA COUNTY CLERK OF
COURT. ANY DOCUMENTS PRESENTED BY CLARK, OR ON CLARK'S BEHALF, TO THE CLERK(S) OF COURT
WITHOUT FIRST BEING REVIEWED AND APPROVED BY A CIRCUIT JUDGE, WILL BE DEEMED A VIOLATION
OF CLARK'S BOND.

_C. Horne_  ▓▓▓▓▓          HORNE, ▓▓▓▓▓▓▓▓▓          ▓▓▓
Signature (Arresting Officer)          Name                          ID/SSN

Subscribed and sworn to (or affirmed) before me this 15 day of  June   A.D., 2016 by  _C. Horne_
who is personally known to me or has produced _____ as identification.

Exhibit B

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA
Plaintiff,

v

TAMAH JADA CLARK,
Defendant.

Clerk No.: 2016 CF 003027 A

Division: E

## ORDER REQUESTING ARRAIGNMENT JUDGE TO CHANGE NON-MONETARY PRETRIAL RELEASE CONDITIONS

THIS CAUSE having come before the Court through the Office of the Clerk of Court regarding the Defendant's bond conditions; the Court having reviewed the file; and the Court being otherwise informed, offers the following:

Defendant has posted a $10,000 professional bond pursuant to the warrant signed by the reviewing Court with the following non-monetary restrictions: *any documents presented by Clark of on Clark's behalf, first be presented to a Circuit Judge for review and approval prior to being presented for filing to the Escambia County Clerk of Court or Santa Rosa County Clerk of Court.  Any documents presented by Clark, or on Clark's behalf, to the Clerk(s) of Court, without first being reviewed and approved by a Circuit Judge, will be deemed a violation of Clark's bond.*

Wherefore, it is: ORDERED and ADJUDGED:  Division E Judge and the Clerk of Court in Escambia County are unsure and unclear as to how these conditions can be met and ask the Arraignment Judge to conduct a bond hearing to clarify or amend this non-monetary pretrial release condition.

DONE and ORDERED in Pensacola, Escambia County, Florida, on this 20th day of June, 2016.

Darlene F. Dickey, County Court Judge

EXHIBIT C

*[The filed copy is signed & Notarized on file in state court, but has not yet been file-stamped & returned]*

Sent 06/24/2017 via FedEx® Overnight Delivery.
Tracking #:

7794 8537 1585

_____

**ATTN CLERK OF COURT:** Please file one original in each of the Case Numbers listed, then file-stamp & return one of three originals provided in enclosed self-addressed, postage-paid envelope. Thank you.

To:
Escambia County Circuit Court
Attention: Clerk's Office
190 W Government St.
Pensacola, Fla [32502]

From:
Mrs. Tamah Jada Clark
6901-A N. 9th Avenue #429
Pensacola, Fla [32504]

Case No.: 1716CF003027 &
1716CF003022



## In the circuit court of Escambia County, Florida
### Saturday, June 24, 2017

State of Florida,          ]
V.                         ]
Tamah Jada Clark,          ]
[Wrongfully accused],      ]

## MOTION TO DISQUALIFY
### (AFFIDAVIT STATING FEAR)
#### THE JUDGE'S EX PARTE COMMUNICATIONS WITH THE STATE REQUIRE HIS DISQUALIFICATION.

On Thursday, June 22, 2017, Defendant believes to have heard Assistant State Attorney, Thomas Williams, referencing multiple previous communications that he claims to have had with Judge James Scott Duncan and Judicial Assistant, Vanessa Barnett, regarding the present case(s), outside of the knowledge or inclusion of Defendant.

According to multiple statements made by Assistant State Attorney, Thomas Williams, there appears to have been numerous communications over the course of several months (in person, via telephone, and via e-mail) on an *ex parte* basis between himself and Judge Duncan's Office, of which the Defendant had not been previously been made aware prior to Thursday, June 22, 2017.

1 of 3

Copyright © 2017. The Common Law Office of Mrs. Tamah Jada Clark™ "Raising the BAR™". All Rights Reserved.

***General Public Notice:*** *Mrs. Tamah Jada Clark is a private Counselor at Law, without the United States [Democracy], that adheres to the Rule of the Common Law—the Law of the Land—of the American Republic and is not an officer or agent of any State or Federal government, and is not an Officer of any State or Federal Court; she does not advertise, "practice law" or render any other form of "legal service" in connection therewith, as defined and prohibited by statute.*

Defendant now presents this affidavit to state her fear that she will not receive a fair trial in the court where the suit(s) are pending on account of the prejudice of the judge of the court in favor of the adverse party.

In accordance with well-established Florida case law, where a judge participates in *ex parte* communications with opposing counsel, his disqualification is required. As the Florida Supreme Court has explained, <u>Canon 3B(7) of the Code of Judicial Conduct</u> provides that:

> "A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding".

The Florida Supreme Court has consistently affirmed that *"Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant." Rose v. State*, 601 So.2d 1181 (Fla. 1992). The Defendant is not concerned with whether the *ex parte* communications actually prejudiced one party at the expense of the other, as the most insidious result of *ex parte* communications is their effect on the appearance of the impartiality of the tribunal.

The impartiality of the trial judge must be beyond question. State v. Riechmann, 777 So.2d 342 (Fla. 2000); see also Smith v. State, 708 So. 2d 253 (Fla. 1998); Pearson v. Pearson 870 So. 2d 248 (Fla. 2d DCA 2004) ("Petitioner's allegation of an ex parte communication alone established a reasonable basis to fear she would not receive a fair hearing in subsequent proceedings.").

A motion for recusal is to be viewed from the perspective of the Defendant, not the judge. *Suarez v. Dugger*, 527 So.2d 350 (Fla. 1988). In examining the sufficiency of the motion, the judge must determine both its technical sufficiency and whether the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that she would not get a fair and impartial trial. *Thunderbird, LTD v. Great American Insurance Company*, 566 So.2d, 1304 (Fla. 1st DCA 1990).

When a trial court is presented with a motion to disqualify, its review of said motion must be limited to a *"bare determination of legal sufficiency." Bundy v. Rudd*, 366 So.2d 440, 442 (Fla. 1978). See also *MacKenzie v. Super Kids Bargain Store, Inc.* 565 So.2d 1332 (Fla. 1990). The objective of such a limitation being to *"ensure public confidence in the integrity of the judicial system." Livingston v. State*, 441 So.2d 1083, 1086 (Fla. 1983).

Copyright © 2017. The Common Law Office of Mrs. Tamah Jada Clark™ Raising the BAR™. All Rights Reserved.
*General Public Notice: Mrs. Tamah Jada Clark is a private Counselor at Law, without the United States [Democracy], that adheres to the Rule of the Common Law—the Law of the Land—of the American Republic and is not an officer or agent of any State or Federal government, and is not an Officer of any State or Federal Court; she does not advertise, "practice law" or render any other form of "legal service" in connection therewith, as defined and prohibited by statute.*

The Defendant represents and certifies that this motion is being made in good faith and not for purposes of vexation or delay. And further certifies that the Defendant believes the allegations, concerns, and conclusions herein to be true and correct.

**WHEREFORE**, the Defendant respectfully requests that this Court recuse itself from any further proceedings in this case, as set forth above in the Defendant's Motion for Disqualification of Judge by way of Affidavit Stating Fear.

**I swear under the penalties of perjury that the foregoing facts above are true to the best of my knowledge.**

_____
**Mrs. Tamah Jada Clark**

STATE OF:
COUNTY OF:

BEFORE ME, personally appeared, Tamah Jada Clark, who, after being duly sworn according to law, executed the foregoing instrument, and after being placed under oath acknowledge to and before me that she executed said instrument for the purpose therein expressed and the information in the foregoing instrument is true and correct to the best of her knowledge.
Sworn to and subscribed before me this _____ day of _____, 2017, who has produced _____ as identification.

Notary Public
My Commission Expires: _____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by U.S. Certified Mail® to Assistant State Attorney, Thomas Williams, Office of the State Attorney, P.O. BOX 12726, PENSACOLA, FLORIDA [32591]; and to Judge James Scott Duncan, M.C. BLANCHARD BUILDING, 190 GOVERNMENTAL CENTER, 6TH FLOOR, PENSACOLA, FLORIDA [32502]. A copy will be hand delivered in open court to the Court and the State of Florida on July 3, 2017.

_____
Mrs. Tamah Jada Clark
The Common Law Office of Mrs. Tamah Jada Clark™
6901-A N. 9th Avenue, #429
Pensacola, Florida [32504]
Tclark@CommonLawOffice.com
Office No: 1(888)256-6692 ext. 666
Facsimile No: 1(888)288-6412

Copyright © 2017. The Common Law Office of Mrs. Tamah Jada Clark™. Raising the BAR™. All Rights Reserved.

*General Public Notice: Mrs. Tamah Jada Clark is a private Counselor at Law, without the United States [Democracy], that adheres to the Rule of the Common Law—the Law of the Land—of the American Republic and is not an officer or agent of any State or Federal government, and is not an Officer of any State or Federal Court; she does not advertise, "practice law" or render any other form of "legal service" in connection therewith, as defined and prohibited by statute.*

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA
Plaintiff,

                                              Clerk No.:  2016 CF 003027 A

v

                                              Division:  E

TAMAH JADA CLARK,
Defendant.

---

### ORDER REQUESTING ARRAIGNMENT JUDGE TO CHANGE NON-MONETARY PRETRIAL RELEASE CONDITIONS

THIS CAUSE having come before the Court through the Office of the Clerk of Court regarding the Defendant's bond conditions; the Court having reviewed the file; and the Court being otherwise informed, offers the following:

Defendant has posted a $10,000 professional bond pursuant to the warrant signed by the reviewing Court with the following non-monetary restrictions:  *any documents presented by Clark of on Clark's behalf, first be presented to a Circuit Judge for review and approval prior to being presented for filing to the Escambia County Clerk of Court or Santa Rosa County Clerk of Court.  Any documents presented by Clark, or on Clark's behalf, to the Clerk(s) of Court, without first being reviewed and approved by a Circuit Judge, will be deemed a violation of Clark's bond.*

Wherefore, it is: ORDERED and ADJUDGED:  Division E Judge and the Clerk of Court in Escambia County are unsure and unclear as to how these conditions can be met and ask the Arraignment Judge to conduct a bond hearing to clarify or amend this non-monetary pretrial release condition.

DONE and ORDERED in Pensacola, Escambia County, Florida, on this 20th day of June, 2016.

Darlene F. Dickey, County Court Judge

Copies to:
Office of the State Attorney, Div. E

Tamah Jada Clark
910 Fremont Avenue
Pensacola, FL 32505

Hasler
06-20-2016
US POSTAGE $000.46<sup>5</sup>

ZIP 32502
011D11673966

FPM&RC?
FL 325
20 JUN '16
PM 1 1

**THE HON. DARLENE F. DICKEY**
COUNTY JUDGE
ESCAMBIA COUNTY, FLORIDA
M.C. BLANCHARD JUDICIAL BUILDING
190 GOVERNMENTAL CENTER
PENSACOLA, FLORIDA 32502-5795



Tamah Juda Clark
910 Fremont Avenue
Pensacola, FL 32505

32505-271810

E-Filed Date 2/2/17

ref # 5200122/

IN THE CIRCUIT COURT FOR
ESCAMBIA COUNTY, FLORIDA

**STATE OF FLORIDA,**
   Plaintiff,

v.

**TAMAH JADA CLARK,**
   Defendant.

**CLERK NO.:** 1716CF003027A
**DIVISION:** F
**AGENCY NO.:** PE110069

### STATE'S SECOND NOTICE OF INTENT TO RELY ON CERTIFIED RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

  **COMES NOW,** the State of Florida, and intends to offer evidence by certification or declaration of regularly conducted business activity of the following businesses, pursuant to Section 90.803(6), 90.902 (11), and 92.605 Florida Statutes, and shows:

1. The State charges the Defendant with Unlawful Filing Of False Documents Records Against Real Or Personal Property Of Public Official Or Employee.

2. The State intends to use records certified by the custodian of records for:

   Fidelity Investments (71 Pages) and Certification of Records (1 Page)

3. The records referred to above, together with the certificate of custodian of records, has been mailed to the Defense.

  **HEREBY** the State gives notice and attaches a copy of the certification it intends to use.

### CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the foregoing has been furnished to Tamah Jada Clark, Defendant, 6901-A N. 9th Avenue, #429, Pensacola, FL, 32504, by mail/delivery on
__2-2- 2017__.

**TROY BOUK**
EMAIL: tbouk@sa01.org
ASSISTANT STATE ATTORNEY
FLORIDA BAR NO: 43384
PO BOX 12726
190 GOVERNMENT STREET
PENSACOLA, FL 32591-2726
PHONE NUMBER: (850) 595-4284

COPY

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**STATE OF FLORIDA,**
    **Plaintiff,**

**v.**
                                            **CASE NO. :  2016 CF 3027**
                                                        **2016 CF 3022**
                                            **DIVISION: "F"**

**TAMAH JADA CLARK**
    **Defendant.**
_____/

## ORDER DENYING PETITION FOR HABEAS CORPUS

THIS MATTER came before the Court upon the Defendant's *pro se* Petition for Habeas

Corpus filed November 3, 2016. A hearing was held on December 15, 2016. The Court having

heard argument, considered the motion, case file and being otherwise fully advised in the premises,

it is,

**ORDERED** and **ADJUDGED** that Defendant's Motion is **DENIED**.

IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.

cc:    Office of the State Attorney

        Tamah J. Clark
        6901-A N. 9th Ave., #429
        Pensacola, FL 32504

        Tamah J. Clark
        ███████████████
        ███████████████

eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN in 01 Judge Duncan
on 01/03/2017 16:17:37 7juErXDs

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**STATE OF FLORIDA,**
    **Plaintiff,**

v.

                        **CASE NO. : 2016 CF 3027**
                                      **2016 CF 3022**
                        **DIVISION: "F"**

**TAMAH JADA CLARK**
    **Defendant.**
_____/

## ORDER DENYING MOTION TO DISMISS
### (Challenge of Jurisdiction: Due Process/Trial by Jury)

THIS MATTER came before the Court upon the Defendant's *pro se* Motion to Dismiss (Challenge of Jurisdiction: Due Process/Trial by Jury) filed October 4, 2016. A hearing was held on December 15, 2016. The Court having heard argument, considered the motion, case file and being otherwise fully advised in the premises, it is,

    **ORDERED** and **ADJUDGED** that Defendant's Motion is **DENIED**.

    IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.

cc:    Office of the State Attorney

        Tamah J. Clark
        6901-A N. 9th Ave., #429
        Pensacola, FL 32504

        Tamah J. Clark

eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN in 01 Judge Duncan
on 01/03/2017 16:18:24 ljddl8kP

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA,
      Plaintiff,

v.

                                    CASE NO. :  2016 CF 3027
                                              2016 CF 3022
                                  DIVISION: "F"

TAMAH JADA CLARK
      Defendant.
_____/

## ORDER DENYING MOTION TO VACATE/VOID "FINDING" OF JURISDICTION –AND- MOTION FOR ARRAIGNMENT ABSENT COERCION

      THIS MATTER came before the Court upon the Defendant's *pro se* Motion to Vacate/Void "Finding" of Jurisdiction-AND-Motion for Arraignment Absent Coercion filed September 29, 2016. A hearing was held on December 15, 2016. The Court having heard argument, considered the motion, case file and being otherwise fully advised in the premises, it is,

      **ORDERED** and **ADJUDGED** that Defendant's Motion is **DENIED**.

      IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.

cc:    Office of the State Attorney

        eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN in 01 Judge Duncan
        on 01/03/2017 16:31:29 LBbCmIOm

        Tamah J. Clark
        6901-A N. 9th Ave., #429
        Pensacola, FL 32504

        Tamah J. Clark

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**STATE OF FLORIDA,**
 **Plaintiff,**

v.                                                              CASE NO. :   **2016 CF 3027**
                                                                              **2016 CF 3022**
                                                             **DIVISION: "F"**

**TAMAH JADA CLARK**
 **Defendant.**
_____/

## ORDER DENYING MOTION TO SET ASIDE "ORDER DENYING APPLICATION FOR DISQUALIFICATION OF JUDGE FOR PREJUDICE"

THIS MATTER came before the Court upon the Defendant's *pro se* Motion To Set Aside "Order Denying Application for Disqualification of Judge for Prejudice" filed September 29, 2016. A hearing was held on December 15, 2016. The Court having heard argument, considered the motion, case file and being otherwise fully advised in the premises, it is,

**ORDERED** and **ADJUDGED** that Defendant's Motion is **DENIED**.

IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.

cc:     Office of the State Attorney

         Tamah J. Clark
         6901-A N. 9th Ave., #429
         Pensacola, FL 32504

         Tamah J. Clark

eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN in 01 Judge Duncan on 01/03/2017 16:32:31 JmHd0Nck

E-Filed Date 2/2/17

ref # 52001836

IN THE CIRCUIT COURT FOR
ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA,
      Plaintiff,

v.

TAMAH JADA CLARK,
      Defendant.

CLERK NO.: 1716CF003027A
DIVISION: F
AGENCY NO.: PE110069

## STATE'S THIRD NOTICE OF INTENT TO RELY ON CERTIFIED PUBLIC RECORDS AND REPORTS

**COMES NOW**, the State of Florida, and intends to offer into evidence public records under seal, pursuant to Section 90.803(8) public records and reports, 90.902(4) self-authentication, and 92.605 Florida Statutes, and shows:

1. The State charges the Defendant with Unlawful Filing Of False Documents Records Against Real Or Personal Property Of Public Official Or Employee.

2. The State intends to offer the following records under official seal and certified as correct by the custodian or other authorized person:

    Georgia Drivers License of Tamah Jada Clark
    Georgia Tag # PQW3199

3. The records referred to above containing the seal and signature of the custodian, have been mailed to the Defense.

**HEREBY** the State gives notice of its intent to offer the above records into evidence.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Tamah Jada Clark, Defendant, 6901-A N. 9th Avenue, #429, Pensacola, FL, 32504, by mail/delivery/email on 2-2-2017 .

TROY BOUK
EMAIL: tbouk@sa01.org
ASSISTANT STATE ATTORNEY
FLORIDA BAR NO: 43384
PO BOX 12726
190 GOVERNMENT STREET
PENSACOLA, FL 32591-2726
PHONE NUMBER: (850) 595-4284

COPY

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**STATE OF FLORIDA,**
    **Plaintiff,**

v.

                                 **CASE NO. :   2016 CF 3027**
                                                   **2016 CF 3022**
                                  **DIVISION: "F"**

**TAMAH JADA CLARK**
    **Defendant.**
_____/

## ORDER DENYING MOTION TO DISMISS
### (Challenge of Jurisdiction:  Mistaken Identity, False Pretenses)

THIS MATTER came before the Court upon the Defendant's *pro se* Motion to Dismiss (Challenge of Jurisdiction:  Mistaken Identity, False Pretenses) filed October 4, 2016. A hearing was held on December 15, 2016.  The Court having heard argument, considered the motion, case file and being otherwise fully advised in the premises, it is,

    **ORDERED** and **ADJUDGED** that Defendant's Motion is **DENIED**.

    IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.

cc:    Office of the State Attorney

        eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN in 01 Judge Duncan
        on 01/03/2017 16:33:14 i1BHJ-80

        Tamah J. Clark
        6901-A N. 9th Ave., #429
        Pensacola, FL 32504

        Tamah J. Clark

STATE OF GEORGIA
DEPARTMENT OF DRIVER SERVICES
P. O. BOX 80447
CONYERS, GEORGIA 30013
(404) 657-9300

LICENSE: ███████                    NAME: CLARK, TAMAH JADA          STATUS: NORMAL
DOB: ███████        SEX: F          HEIGHT: █ ██      WEIGHT: ███
REGULAR STATUS: EXPIRED             FIRST LICENSED BY GEORGIA: ███████
CDL STATUS: NOT LICENSED            ADDED CDLIS:
PERMIT STATUS: ███████
ADDED PDPS: ███████                 REMOVE PDPS: 05/04/2026

CITATION        UNKNOWN                                          LAST UPDATE 2016-05-04
    LEGAL CODE:              ACD CODE: ███████
    VIOLATION DATE: ███████ CASE NO:          PROCESS DATE: 05/04/2016
    ACCIDENT: NO  COMMERCIAL: NO  HAZARDOUS: NO
    DISPOSTION DATE: ███████ DISPOSITION: ███████  POINTS:    FINE:
    NCIC COURT CODE ███████ TALLAHASSEE, FL

APPLICATION     REGULAR                                          LAST UPDATE 2013-06-20
    APPLICATION DATE: 06/19/2013

LICENSE                                                          LAST UPDATE 2013-06-20
    TYPE: REG CLASS: C  ISSUE DATE: ███████ EXPIRE DATE: ███████

NOTE PAD                                                         LAST UPDATE 2012-11-29
    REFERENCE DATE: ███████

APPLICATION     REGULAR                                          LAST UPDATE 2012-11-09
    APPLICATION DATE ███████

IDENTITY/AKA                                                     LAST UPDATE 2012-11-08
    PROCESS DATE: ███████

APPLICATION     REGULAR                                          LAST UPDATE 2010-10-05
    APPLICATION DATE: ███████

MAIL ADDRESS                                                     LAST UPDATE 2010-10-05
    ███████              EFFECTIVE DATE: ███████

NOTE PAD                                                         LAST UPDATE 2008-04-17
    REFERENCE DATE: ███████

RESIDENCE                                                        LAST UPDATE 2010-10-05
    ███████              EFFECTIVE DATE: ███████

MAIL ADDRESS                                                     LAST UPDATE 2010-10-05
    ███████              EFFECTIVE DATE: ███████

END OF REPORT, REQUESTED BY    ███████          10/19/2016 PAGE    1

FOR COURT OR LAW ENFORCEMENT USE ONLY:

GEORGIA-ROCKDALE

Pursuant to an order by the Commissioner, Department of Driver Services, the undersigned is designated as an official custodian of the Department of Driver Services Records; as such, I hereby certify that this is a true and correct copy of the original as appears in the Department of Driver Services.

Date: 10/19/2016          Signed: _____

MV-39B (Rev. 01/07)



# *STATE OF GEORGIA*
## *DEPARTMENT OF REVENUE*
### *MOTOR VEHICLE DIVISION*

I, Karen Matthews, of the Department of Revenue (DOR), by power delegated
to me by the DOR Commissioner, in accordance with the provisions of the Motor Vehicle
Certificate of Title Act and other laws in force, do hereby certify that the  3  page(s)
attached hereto is a true and correct copy of the original records on file
in the Office of the State DOR Commissioner, for the following described vehicle:

Year and Make: ▬▬▬▬▬▬▬▬▬▬▬▬▬        Vehicle Identification Number: ▬▬▬▬▬▬▬▬▬▬▬

TYPE OF RECORD

__X__  Certificate of Title                    __X__  Certificate of Registration

____  No Record of a Georgia Certificate of Title      ____  No license plate record in this
        being issued for this vehicle                          office for this vehicle

____  No record of a Georgia Certificate of Title in    ____  No record of a Georgia License
        the name(s) of                                        Plate in the name(s) of

_____          _____

In testimony whereof, I, by the authority vested in me, have hereunto set the hand and
affixed the seal of the Department of Revenue at the Capitol in the City of Atlanta,
Georgia, this ninth day of January in the year of our Lord, 2017.



Motor Vehicle Division



# GEORGIA MOTOR VEHICLE DIVISION
## *VEHICLE, TITLE AND TAG INFORMATION*

Page 1 OF 3

01/09/17    10:44:06    DJL

VIN: ▓▓▓▓▓
Year: ▓▓▓ Make: ▓▓▓     Model: ▓▓▓▓     Cylinders:  4
Body Style: ▓▓▓     Fuel: GASOLINE
Body Color: UNKNOWN     Roof Color:
Odometer: ▓▓▓
Purchase Date: ▓▓▓▓▓     Dealer Sale:NO     USED Vehicle     App. Date: ▓▓▓▓
Title Number: ▓▓▓     Print Date: 07/11/2013     ▓▓▓▓▓
          CURRENT TITLE, NOT HELD
Title Legends:


          No Legends Found


Number Of Owners:   1
▓▓▓▓▓▓▓


ADDRESS OF PRIMARY OWNER:

▓▓▓▓▓        ▓▓▓▓▓
▓▓▓▓▓

No recorded liens.


Title Microfilm Nbr:  131982200851

- THIS IS FOR INFORMATIONAL PURPOSES ONLY -

STATE OF GEORGIA
DEPARTMENT OF REVENUE
MOTOR VEHICLE DIVISION
CERTIFIED MOTOR VEHICLE TAG RECORD
PAGE 2 OF 2
RESEARCH SECTION

*Nara*
AUTHORIZED SIGNATURE

*D1-12-17*
DATE

This certificate record is not
valid unless completed form
MV39B is attached.



### GEORGIA MOTOR VEHICLE DIVISION
### *VEHICLE, TITLE AND TAG INFORMATION*

Page 2 OF 3

01/09/17    10:44:06    DJL

VIN:

Year: ■■■ Make: ■■■        Model: ■■■■■        Cylinders:  4
Body Style: ■■■              Fuel: GASOLINE
Body Color: UNKNOWN          Roof Color:
Odometer: ■■■■
Purchase Date: ■■■■■    New/Used: ■■■■        Farm Vehicle: NO
Tag: ■■■■■ ■■■■ Decal Nbr: ■■■■■        Expire Dt: ■■■■■■
Tag Category: AA ■■■■■■■■■■

Valuation:        ■■■■        County: 001 FULTON        05 ATLANTA

Number Of Owners:        1
■■■■■■■■■■

ADDRESS OF PRIMARY OWNER:

■■■■■■■■■■■        ■■■■■■■■■
■■■■■■■■■■■
■■■■■■■■■

Insurance Status:

– ■■■■■■■■■■■■■■■■■■■■■■■ ■■■■ ■■■■■■■■■■■ ■■

– THIS IS FOR INFORMATIONAL PURPOSES ONLY –



STATE OF GEORGIA
DEPARTMENT OF REVENUE
MOTOR VEHICLE DIVISION
CERTIFIED MOTOR VEHICLE TAG RECORD
PAGE ___ OF ___
RESEARCH SECTION

AUTHORIZED SIGNATURE

01-12-17
DATE

This certificate record is not
valid unless completed form
MV39B is attached.



## GEORGIA MOTOR VEHICLE DIVISION
### *TITLE AND TAG HISTORY*

TITLE NBR: ▓▓▓▓▓▓▓        STATUS:  CURRENT TITLE, NOT HELD              App. Date: 07/08/2013
   Purchase Date:  07/05/2013      Print Date:  07/11/2013      Lease:  NO      Title Microfilm Nbr: ▓▓▓▓▓
   Nbr of Owners:   1      1st. OWNER: ▓▓▓▓▓▓▓

   PQW3199 ▓▓▓ AA - PASSENGER▓▓▓▓▓▓        Iss:  07/08/2013   Exp:  07/18/2014   Status:  07/18/2014 ▓▓▓
Microfilm Nbr: ▓▓▓▓▓

   PQW3199 ▓▓▓ AA - PASSENGER ▓▓▓▓▓        START-SUSP: ▓▓▓▓▓   END-SUSP:  ▓▓▓▓▓▓   STATUS-DT: ▓▓▓▓▓

TITLE NBR: ▓▓▓▓▓▓▓        STATUS: ▓▓▓▓▓▓▓▓▓              App. Date: 1▓▓▓▓▓
   Purchase Date:  11/08/1999      Print Date: ▓▓▓▓/1999      Lease:  NO      Title Microfilm Nbr: ▓▓▓▓▓▓
   Nbr of Owners:   1      1st. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓6

   ▓▓▓▓2004 AA - PASSENGER ▓▓▓▓▓▓▓        Iss: ▓▓▓▓▓   Exp: ▓▓▓▓▓   Status:  09/22/2013 ▓▓▓▓▓
Microfilm Nbr: ▓▓▓▓▓

   ▓▓▓▓ AA - PASSENGER ▓▓▓▓▓        Iss: ▓▓▓▓▓   Exp: ▓▓/▓▓/2012   Status: ▓▓/▓▓/2012 ▓▓▓
Microfilm Nbr: ▓▓▓▓▓

   ▓▓▓▓ AA - PASSENGER ▓▓▓▓▓        Iss: ▓▓▓▓▓   Exp: ▓▓/▓▓/2011   Status: ▓▓/▓▓/2011 ▓▓▓
Microfilm Nbr:

TITLE NBR: ▓▓▓▓▓▓▓        STATUS: ▓▓▓▓▓▓▓▓▓              App. Date: 07/05/1999
   Purchase Date:  07/05/1999      Print Date:  08/09/1999      Lease:  NO      Title Microfilm Nbr: ▓▓▓▓▓▓
   Nbr of Owners:   1      1st. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 30004 26

**- THIS IS FOR INFORMATIONAL PURPOSES ONLY -**



STATE OF GEORGIA
DEPARTMENT OF REVENUE
MOTOR VEHICLE DIVISION
CERTIFIED MOTOR VEHICLE TITLE RECORD
PAGE____1____ OF __5__
RESEARCH SECTION

_____
AUTHORIZED SIGNATURE

01-18-17
_____
DATE

This certificate record is not
valid unless completed form
MV39B is attached.

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**STATE OF FLORIDA,**
    **Plaintiff,**

v.
                                                    CASE NO. :  **2016 CF 3027**
                                                                            **2016 CF 3022**
                                                    **DIVISION: "F"**

**TAMAH JADA CLARK**
    **Defendant.**
—————————————————————/

## ORDER DENYING NOTICE OF JUDGE DISQUALIFICATION

THIS MATTER came before the Court upon the Defendant's *pro se* Notice of Judge

Disqualification filed February 7, 2017. The Court finds the Notice facially insufficient.

**ORDERED** and **ADJUDGED** that Defendant's Notice is **DENIED**.

IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.


cc:    Office of the State Attorney

       Tamah J. Clark
       6901-A 9ᵗʰ Ave., #429
       Pensacola, FL 32504

       Tamah J. Clark

eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN
on 02/22/2017 10:42:50 WwMIlia7

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA,

vs.

TAMAH JADA CLARK,

    Defendant.

Case Nos.:    2016 CF 003022
                2016 CF 003027

Division:     F

---

### ORDER DISMISSING "AFFIDAVIT" AS MOOT

---

       **THIS CAUSE** came before the Court upon Defendant's "AFFIDAVIT Stating Fear that I will Not Receive a Fair Trial on Account of Prejudice" filed on September 9, 2016.[1] To the extent this filing is a motion for disqualification, the Court finds that the claims in the motion are either untimely[2] or legally insufficient.[3] Moreover, the affidavit is moot as it raises the same issues addressed in the Court's September 9, 2016 order denying the Defendant's September 2, 2016 motion for disqualification. Accordingly, it is **ORDERED and ADJUDGED** that the Defendant's "Affidavit" seeking disqualification of this Court is hereby **DISMISSED as moot**.

       **DONE and ORDERED** in Chambers at Pensacola, Escambia County, Florida.

                                  **J. SCOTT DUNCAN**
                                  **Circuit Judge**

---

[1] A duplicate affidavit was filed September 12, 2016.
[2] "A motion to disqualify the trial court must be filed 'within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion.' Fla. R. Jud. Admin. 2.330(e)." Turner v. State, 46 So. 3d 568 (Fla. 2010).
[3] "The test a trial court must use in determining whether a motion to disqualify is legally sufficient is whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." Chamberlain v. State, 881 So. 2d 1087, 1097 (Fla. 2004)(internal quotations omitted).

JSD/lcw

Copies furnished to:

Tamah J. Clark, 6901-A 9th Avenue, #429, Pensacola, FL 32504

Office of the State Attorney, First Judicial Circuit, Division F

IN THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA,

vs.                                    **Case Nos.:**   **2016 CF 003027**
                                                        **2016 CF 003022**
                                       **Division:**    **F**

TAMAH JADA CLARK,

    Defendant.

---

### ORDER DENYING "APPLICATION FOR DISQUALIFICATION OF JUDGE FOR PREJUDICE"

---

    **THIS CAUSE** came before the Court upon Defendant's "Application for Disqualification of Judge for Prejudice," filed on September 2, 2016.[1] The Court finds that the claims contained in the motion are either untimely[2] and/or legally insufficient. Accordingly, it is **ORDERED and ADJUDGED** that the "Application for Disqualification of Judge for Prejudice" is hereby **DENIED**.

    **DONE and ORDERED** in Chambers at Pensacola, Escambia County, Florida on this _____ day of September, 2016.

                                       J. SCOTT DUNCAN
                                       **Circuit Judge**

JSD/krw

Copies furnished to:
Tamah J. Clark, 6901-A 9th Avenue, #429, Pensacola, FL 32504
Office of the State Attorney, First Judicial Circuit, Division F

---

[1] A duplicate motion was filed September 6, 2016.

[2] "A motion to disqualify the trial court must be filed 'within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion.' Fla. R. Jud. Admin. 2.330(e)." Turner v. State, 46 So. 3d 568 (Fla. 2010).

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR ESCAMBIA COUNTY, FLORIDA

**TAMAH JADA CLARK,**
Plaintiff,

v.

**SHERIFF DAVID MORGAN,**
Defendant.

_____/

**CASE NO.: 17 2016 CA 000375**
**DIVISION: "E"**

### ORDER OF RECUSAL

The undersigned Circuit Judge, having determined that she is disqualified from consideration of the above styled cause, does hereby recuse herself from further participation in this cause.  The Clerk of the Court is hereby instructed to reassign this matter to another judge in accordance with the Administrative Order regarding reassignment of cases.

**DONE AND ORDERED** in Chambers at Pensacola, Escambia County, Florida, this ____4____ day of ~~March~~ April 2016.

_Darlene F. Dickey_
Darlene F. Dickey
Circuit Judge

IN THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA,
    Plaintiff,

v.
                                **CASE NO. :  2016 CF 3027**
                                                   **2016 CF 3022**
                                **DIVISION: "F"**

TAMAH JADA CLARK
    **Defendant.**
_____/

## ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

       THIS MATTER came before the Court upon the Defendant's *pro se* Motion to Dismiss for Lack of Subject-Matter Jurisdiction filed November 22, 2016. A hearing was held on December 15, 2016. The Court having heard argument, considered the motion, case file and being otherwise fully advised in the premises, it is,

       **ORDERED** and **ADJUDGED** that Defendant's Motion is **DENIED**.

       IT IS SO **ORDERED** in Pensacola, Escambia County, Florida.



cc:    Office of the State Attorney

eSigned by CIRCUIT COURT JUDGE J. SCOTT DUNCAN in 01 Judge Duncan
on 01/03/2017 16:17:03 MzpBDN-U

      Tamah J. Clark
      6901-A N. 9th Ave., #429
      Pensacola, FL 32504

      Tamah J. Clark