IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMAH JADA CLARK,
    Plaintiff,

vs.                                      Case No.:  3:17cv438/MCR/EMT

STATE OF FLORIDA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tamah Clark, who is proceeding pro se, commenced this action by filing a Notice of Removal (ECF No. 1), seeking to remove two state criminal matters, <u>State of Florida v. Tamah Jada Clark</u>, Case No. 2016-CF-003022-A, and <u>State of Florida v. Tamah Jada Clark</u>, Case No. 2016-CF-003027-A, from the Circuit Court in and for Escambia County, Florida, to this court, pursuant to 28 U.S.C. §§ 1455 and 1443 (ECF No. 1).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of the record in this case, the undersigned concludes that, because this court lacks a proper basis for removal jurisdiction of the

state court actions, the matters should be remanded to the state court from which they were removed.

The federal removal statute governing the removal of criminal prosecutions provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *See* Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).  First, it must affirmatively appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights

stated in terms of racial equality." *Id.* (internal quotation marks and citation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Id.* That a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). *Id.* (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Id.* This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* (citation and internal quotation omitted). As stated by the Eleventh Circuit:

> [I]n the paradigmatic case, removal is proper where a facially discriminatory state law authorizes the denial of the defendant's civil rights. In such circumstances, the federal removal court readily can predict that state courts applying the state law will disregard the defendant's civil rights.

Page 4 of 7

Alabama v. Thomason, No. 16-13982, 2017 WL 1826866, at *3 (11th Cir. May 4, 2017).  Hence, removal may be proper where "the very act of bringing the state court proceedings will constitute a denial of the [equal civil] rights conferred by the federal statute." *Id.* (citing Alabama v. Conley, 245 F.3d 1292, 1296 (11th Cir. 2001)); *see also* Peacock, 384 U.S. at 828 (finding that removal may be effected only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court").

In the instant case, Plaintiff claims a violation of 42 U.S.C. § 1981, which provides protections over a limited range of civil rights and is primarily invoked in matters of racial discrimination over contractual affairs.  *See* McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 295–96, 96 S. Ct. 2574 (1976).[1]  However, it has

---

[1] In relevant part, 42 U.S.C. § 1981 provides:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

been used, as Plaintiff appears to invoke it, as a protection against racially motivated misuses of governmental power. Hall v. Pennsylvania State Police, 570 F.2d 86, 91 (3d Cir.1978). Section 1981 liability requires purposeful discrimination Ferrill v. Parker Group, Inc., 168 F.3d 468, 472 (11th Cir. 1999). Plaintiff therefore meets the first prong of the removal standard—at least the letter of it—by citing Section 1981. *See* Peacock, 384 U.S. at 825.

Plaintiff alleges that she was denied pretrial release pending the two criminal charges identified above. She provides that she was not proven to be a person who should be considered a danger to the community and that she otherwise met the criteria for release, but was denied such on grounds of equal protection (ECF No. 1 at 2). Plaintiff also alleges that the assistant state attorney had engaged in *ex parte* communications with the presiding judge without notice to her, which caused her to fear that the judge was biased against her (*id.* at 3).

Plaintiff's claim falls well short of the second prong of the removal standard, as she simply alleges she was treated wrongly or unfairly but identifies no real underlying racial basis, either stated or implied. Thus, her allegations under Section 1981 are questionable to state a case for discrimination, not to mention the sort of facial or systemic discrimination that is required under the second prong of the removal standard. Giving Plaintiff the benefit of every doubt, her claim is at most one

of discrimination that could only be made manifest through the prosecution of the case against her.  It is not one "where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Peacock, 384 U.S. at 828.

Summary disposition of the notice of removal is proper because, assuming *arguendo* that Plaintiff could establish the validity of her due process claim, it still would not provide a basis for removal.  *See* Varney v. State of Ga., 446 F.2d 1368, 1369 (11th Cir. 1971)  (district court did not err in remanding case where, assuming *arguendo* that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal under Section 1443).

Accordingly, it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case, which includes state court case numbers 2016-CF-003022-A and 2016-CF-003027-A, to the Circuit Court in and for Escambia County, Florida.

At Pensacola, Florida, this  5th  day of July 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:17cv438/MCR/EMT

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:17cv438/MCR/EMT